GUSTIN *v.* NEW ALBANY RAIL-MILL CO. *et al.*

*(Circuit Court, D. Indiana. August 29, 1891.)*

1. PATENTS FOR INVENTIONS—DEVICE FOR CARRYING RAILROAD RAILS—ANTICIPATION.
   The first and second claims of reissued letters patent No. 7,898, (original No. 190,-211, dated May 1, 1887,) "for improvement in apparatus for carrying railroad rails," whereby the upper surface of the carrier is arranged at or below the level of the bed, and provided with projecting catches in combination with the bed, the driving chains, and the guide-rails, are anticipated by the patent to While and Wostenholm, March 19, 1872, No. 124,687.

2. SAME.
   The third claim of said letters patent, in reference to "the combination with an endless chain, B, subject to expansion by hot rails of a pulley, *b*, arranged in a slide bearing, D, held by a movable weight," is void, in view of the prior art, and anticipated by the patent to S. E. Jewett, June 9, 1874, No. 151,705, showing a movable pulley controlled by a weight at the end of a chain.

In Equity.

The plaintiff, as the grantee of reissued letters patent No. 7,898, (original No. 190,211, dated May 1, 1887,) for "improvement in apparatus for carrying railroad rails," sues for an injunction and for damages on account of alleged infringement of the first, second, and third claims of the reissue. The claims read in this wise:

"(1) The sliding shoes, links, or carriers, C, provided with projecting catches, in combination with the guide-rails, B 2, the bed, A, and suitable carrying and actuating devices arranged substantially as described, whereby the upper surfaces of the shoes are located at or below the level of the bed, as and for the purposes set forth. (2) The shoes, links, or carriers, C, having their upper surfaces arranged at or below the level of the bed, and provided with projecting catches, in combination with the bed, the driving chains, and the guide-rails, B 2, substantially as and for the purpose described. (3) The combination with an endless chain, B, subject to expansion by hot rails, of a pulley, *b*, arranged in a slide bearing, D, held by a movable weight, as shown and described."

Besides disputing the validity of the reissue, the defendants deny both infringement and invention, and, in proof of the prior art, refer to the following list of patents: No. 155,384, dated September 29, 1874, to J. L. Pennock; No. 154,152, dated August 18, 1874, to R. R. Reynolds; No. 124,867, dated March 19, 1872, to While and Wostenholm; No. 148,799, dated March 24, 1874, to J. E. Austin; No. 186,423, dated January 23, 1877, to C. R. Jacoby; No. 159,790, dated February 16,

1875, to P. D. Burgher; No. 164,001, dated June 1, 1875, to A. Hunt; No. 154,705, dated June 9, 1874, to S. E. Jewett; No. 141,004, dated July 22, 1873, to S. E. Jewett; No. 187,870, dated February 27, 1877, to M. Lally; No. 145,908, dated December 23, 1873, to W. Sellers; No. 3,077, dated May 8, 1843, to Adams and Hammond.

The following were the claims in the original application, as first presented:

"(1) An apparatus for conducting rails to the cooling bed, composed of a bed-frame, A, and of movable chains, B, with the carrying shoes, C, for taking up and storing rails substantially in the manner and for the purpose set forth. (2) The movable endless chains, B, running in the grooved guide-rails, B 2, at a level with or slightly below the level of the cooling bed, so as not to interfere with storing rails, substantially as specified. (3) The combination of the endless carrying chains, B, with fixed driving pulleys and sliding and weighted tension pulleys, to provide automatically for the contraction and expansion of the chains, substantially as and for the purpose described."

These claims were rejected by the examiner of the patent-office,—the first and second because "believed to be wanting in any substantial novelty, in view of what is shown in the patent to While and Wostenholm, March 19, 1872, No. 124,687;" and the third because "found to be substantially met in the patent to S. E. Jewett, June 9, 1874, No. 151,-705;" and thereupon the applicant amended by substituting for the three claims the following single claim, which was allowed as the first claim in the original letters:

"The combination with an endless chain, B, subject to expansion by hot rails, of a pulley, *b*, arranged in a slide bearing, D, held by a movable weight, as shown and described."

The second claim of the original letters cuts no figure here. As originally presented, the first claim of the application for reissue read as follows:

"(1) The shoes, links, or carrier, C, having their upper surfaces arranged at or below the level of the bed, and provided with projecting catches, in combination with said bed, and with mechanism for actuating the shoes, substantially as described."

This was rejected, because "substantially anticipated in the patent to J. R. Jacoby, January 23, 1874, No. 186,423;" and thereupon the first claim as quoted was substituted and allowed.

The application for the reissue contained the following disclaimer, which has reference to the While and Wostenholm patent:

"In relation to the feature of the sliding shoe, as combined with the carrying chains, I would state that I am aware that a carriage or truck mounted upon wheels, and having its upper surface above the level of the bed, has been heretofore used for a similar purpose in connection with a chain; but this elevated carriage, it will be seen, does not take the rails automatically off the bed, but necessitates, by reason of its elevation above the bed, the intermediate handling or loading of the rails thereupon. I therefore disclaim this arrangement, and confine my invention with respect to this feature to the shoes, links, or carriers having their upper surfaces at or below the level of the bed, so as to remove the rails automatically by sliding them along the bed, and thus dispense with this intermediate handling or loading of the same."

*J. H. Raymond* and *S. P. Douthart*, for complainant.
*Augustus L. Mason*, for respondents.

WOODS, J., *(after stating the facts.)* The patentee, it is clear, was in no sense a pioneer, and the improvement he claims to have made was not of a character which, under recent rulings of the supreme court, can be called invention. Saying nothing of the other references to the prior art, some of which are not without significance, the complainant's apparatus differs mechanically from that shown in the patent to While and Wostenholm only in the fact that in the latter, instead of the sliding bar on a level with or below the bed, there is employed a truck which, as described, rises above the bed in such manner as to require, when the apparatus is in use, the additional labor of loading and unloading the rails. In all other respects the parts of the two devices are substantially the same, and are combined in the same relation to each other. Insisting, however, that there is novelty and invention in his apparatus, the complainant's counsel says:

"The convenient expression to distinguish this new apparatus from these several prior patents that show each a part or an equivalent for a part thereof, is that the carrying device in complainant's apparatus is at or below the level of the cooling bed."

And, speaking to the same point, the complainant's expert witness says:

"I find [speaking in a general way of all the patents,] that a fundamental difference exists between the devices therein shown and those which form the subject of the Gustin claims, in that none of the patents prior to Gustin show an apparatus which is adapted to the reception of the hot rails across the cooling bed, and the sliding of said rails on the ways of the bed without further handling, in loading and unloading them, being necessary."

The problem being to dispense with the labor of loading and unloading the rails, it was necessary in the While and Wostenholm apparatus only to lower the truck to a level with and extend its track across the receiving bed; and to do that, it is plain, required nothing more than ordinary mechanical skill. But once that was done, it is quite clear that the complainant's design was completely anticipated.

In respect to the third claim, little need be said. By its terms it is extremely narrow, and, in the light of the prior art, if not upon common knowledge without proof, is void for want of novelty. The Jewett patent No. 151,705, *supra*, shows a movable pulley controlled by a weight at the end of a chain, and it is only in the fact that the endless chain of the complainant is described as "subject to expansion by hot rails" that a distinction can be asserted. By using those words, the complainant left the public free to employ any apparatus, though similar or even identical in construction with his own, for any use in which the chain was not subject to expansion by hot rails. But it needs neither argument nor authority to demonstrate that an old apparatus cannot be patented for a new use. The bill is dismissed for want of equity.